# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10471
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2015

Lyle W. Cayce
Clerk

DORETHA HALL,

Plaintiff-Appellant

v.

LOCKHEED MARTIN CORPORATION,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-188

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:*

Emmett Hall, Jr. was an employee of Lockheed Martin Corporation (LMC) and participated in the LMC Hourly Employee Savings Plan Plus (Plan). LMC is the Plan Sponsor and Plan Administrator under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. Emmett Hall married Doretha Hall, designated her as his beneficiary under the Plan, and gave her a power of attorney over his affairs. He retired on December 1,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10471

2009, and began receiving monthly benefits under the Plan. Subsequently, Emmett Hall gave his daughter, Sherry L. Hall, a power of attorney over his affairs. He also requested that the power of attorney given to Doretha Hall be revoked. After an investigation, LMC determined that the power of attorney given to Sherry Hall was valid and informed Doretha Hall that her power to act for Emmett Hall had been revoked at his request. Under the Plan, Emmett Hall was entitled to withdraw the money in his account, and Sherry Hall requested that the balance in account in the Plan for Emmett Hall be sent to her. On February 14, 2011, the Plan issued a check for $48,337.56 to Emmett Hall, Jr., care of Sherry Hall. Emmett Hall died on April 17, 2011.

Doretha Hall filed a suit in Texas State Court against LMC seeking $60,421.95, alleging that LMC had been negligent and had breached its fiduciary duty by recognizing the power of attorney in favor of Sherry Hall and allowing the funds in the Plan to be withdrawn under that power prior to Emmett Hall's death. LMC removed the action to Federal District Court and moved for summary judgment. The district court granted summary judgment in favor of LMC. The district court found that Doretha Hall's state law claims were preempted by ERISA and that there was no genuine issue of fact that LMC, as Plan administrator, had abused its discretion in administering Emmett Hall's account in the Plan. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 110-11 (2008).

On appeal, Doretha Hall challenges the district court's grant of summary judgment in favor of LMC. We review the grant of summary judgment de novo, applying the same standard as the district court. *Pub. Citizen Inc. v. La. Att'y Disciplinary Bd.*, 632 F.3d 212, 217 (5th Cir. 2011). "'Standard summary judgment rules control in ERISA cases.'" *Cooper v. Hewlett–Packard Co.*, 592

F.3d 645, 651 (5th Cir. 2009) (quoting *Vercher v. Alexander & Alexander Inc.*, 379 F.3d 222, 225 (5th Cir. 2004)).

When, as here, the language of a plan under ERISA grants the plan administrator discretionary authority to construe the terms of the plan or determine eligibility for benefits, the administrator's determination must be upheld by a court unless it is found to be an abuse of discretion. *Metro. Life Ins. Co.*, 554 U.S. at 110-11. In the ERISA context, "[a]buse of discretion review is synonymous with arbitrary and capricious review." *Cooper*, 592 F.3d at 652 (5th Cir. 2009). On appeal, Doretha Hall has presented nothing that would create a question of material fact that the Plan administrator's actions were arbitrary and not supported by substantial evidence. *See* FED. R. CIV. P. 56(a). The district court did not err in granting summary judgment in favor of LMC.

AFFIRMED.